IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL BURNINGHAM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ART CITY COFFEE,<br><br>　　　　Defendant. | Case No. 2:17-cv-00767-DAK<br><br>**DEFAULT JUDGMENT**<br><br>Assigned to Honorable Dale A. Kimball |

　　　　This Matter, having come before the Court on Plaintiff's Motion for Default Judgment, and good cause appearing therefrom,

　　　　Upon Application by Plaintiff, and good cause shown, the Court enters Judgment as follows:

1. Plaintiff is granted injunctive relief including:

2. Defendant is ORDERED to undertake a full ADA inspection, by an accredited expert ADA inspector, within 60 days of signature of this Order to discover and cure any and all architectural barriers that may exist in Defendant's Place of public accommodation.

3. Defendant is ORDERED to remediate any and all barriers that are discovered through inspection that would affect Plaintiff or any similarly situated individuals.

4. Defendant is ORDERED to remediate all architectural barriers that have heretofore been discovered, including:

    a) Failure to provide an unobstructed high forward reach to the towel dispenser no greater than 48 inches (1220 mm) above the ground as required by 36 C.F.R Part 1191 Appendix D, Guideline 308.1 et seq.;

    b) Failure to provide operable parts of bathroom door hardware that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist with no

       more than 5 pounds of operable force as required by 36 CFR § 1191 App. D Guideline 309.4, Guideline 404.2.7.

5. Defendant shall have 180 days to complete remediation.

6. Defendant is ORDERED to undergo a policies and procedures review within 60 days of the signature of this Order. The policies and procedures review shall be conducted by an accredited expert in ADA policies and procedures, who will review Defendant's policies and procedures to ensure that:

7. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant shall develop and adopt, within 60 days, policies and procedures that will prevent future architectural barriers from developing.

8. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant has or shall develop and adopt, within 60 days, policies and procedures that require routine and regular expert inspection of Defendant's place of public accommodation to ensure continued compliance with the ADA.

9. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant has or shall undertake routine and regular expert inspection of Defendant's place of public accommodation to ensure continued compliance with the ADA.

10. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant shall develop and adopt, within 60 days, policies and procedures that will cause Defendant to cure any architectural barrier, that violate of the ADA, that arises.

11. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant shall develop and adopt, within 60 days, policies and procedures to accommodate Plaintiff and any similarly situated individuals, where remediation of an architectural barrier, violative of the ADA, is not readily achievable.

12. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant shall develop and adopt, within 60 days, policies and procedures that will cause Defendant to accommodate Plaintiff and any similarly situated individuals,

13. Defendant is permanently enjoined from violating of the ADA with respect to accessibility requirements affecting Plaintiff or any similarly situated individual.

14. Plaintiff is awarded his costs and a reasonable attorney fee and is instructed to submit an affidavit of attorney's fees and costs.

    a. Attorney's Fees in the amount of $3,375.00; and

    b. Costs and expenses in the amount of $475.00; and

15. All Judgment amounts are subject to the legal interest rate from the date of Judgment until paid.

16. Defendant to bear all costs associated with fulfilment of this Order.

17. Plaintiff has a federally protected right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA, whether alleged in this Complaint or subsequently discovered; and

18. A declaration that at the commencement of this Action that Defendant was in violation of the specific requirements of the ADA described above; and

19. Irrespective of Defendant's "voluntary cessation," if applicable, a preliminary and permanent injunction requiring Defendant to remove all barriers so that Plaintiff shall have the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA; and

20. Defendant is ORDERED to alter its PPA that is the subject of this Complaint to make the PPA accessible to and usable by individuals with disabilities to the full extent required by the ADA; and

**IT IS FURTHER ORDERED**; that Plaintiff shall serve this Judgment on Defendant forthwith.

SO ORDERED this 9th day of January, 2019.

BY THE COURT:

*[signature]*

HONORABLE DALE A. KIMBALL
United States District Court Judge